Filed 1/24/24  P. v. Ramirez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ELSA JUDITH RAMIREZ,<br><br>        Defendant and Appellant. | B331690<br><br>Los Angeles County<br>Super. Ct. No. MA080983 |

APPEAL from an order of the Superior Court of Los Angeles County, Emily Cole, Judge.  Affirmed.

Breana Shannen Frankel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After reviewing this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

A felony complaint charged Elsa Ramirez with three counts of felony possession for sale of various controlled substances: methamphetamine (Count 1), in violation of Health and Safety

Code section 11378, and heroin (Count 2) and fentanyl (Count 3), in violation of Health and Safety Code section 11351; it also charged her with felony possession of personal identifying information of 10 or more persons with intent to defraud, in violation of Penal Code section 530.5(c)(3) (Count 4). Ramirez was also charged with a misdemeanor count of possession of cannabis for sale, in violation of Health and Safety Code section 11359(b) (Count 5).

Represented by counsel, Ramirez waived her rights and entered a plea of no contest to Counts 2 and 4. The trial court dismissed the remaining counts, suspended imposition of sentence and placed Ramirez on felony probation for two years, assessing various fees and imposing additional conditions.

One month later, Ramirez failed to appear for a restitution hearing. The court revoked probation and issued a bench warrant. About five weeks later, Ramirez appeared in court and was remanded to custody. The court set a probation violation hearing. At the hearing, the court found a probation violation based on the probation officer's report and Ramirez's admission of a violation, and reinstated probation on the same terms.

Two months later, Ramirez failed to appear for a probation progress hearing. The court revoked probation and again issued a bench warrant. After a period of nearly five months, Ramirez was delivered to court on the bench warrant. She was remanded to custody and the court set a probation violation hearing.

At the hearing, the court found a probation violation based on the probation officer's report and Ramirez's admission of a violation. Ramirez waived all back time as of the date of that hearing, and the court reinstated her probation with an extension of two years on Count 2.

2

Just over a month later, the court again issued a bench warrant. Shortly thereafter Ramirez was delivered to court on the bench warrant, remanded to custody and the court set a probation violation hearing.

At the hearing, the court found a probation violation based on the probation officer's report and Ramirez's admission of a violation. The court reinstated her probation, removing all conditions other than reporting to the probation officer, and admonished Ramirez that failure to comply would result in the court imposing sentence.

One month later, Ramirez failed to appear for a probation progress hearing. The court revoked probation and again issued a bench warrant. After another period of over five months, Ramirez was again delivered to court on the bench warrant. She was remanded to custody and the court set a probation violation hearing.

At the hearing, heard testimony from probation officer Nancy Rosas. Ramirez's defense counsel argued that Ramirez had been unable to comply with the terms of probation and should be given another chance. The court found Ramirez not suitable for probation, revoked probation, and sentenced Ramirez to the mid-term of three years in county jail as to Count 2 (see Health & Saf. Code § 11351) and one third of the mid-term of 24 months on Count 4 (see Pen. Code §§ 530.5(c)(3) & 1170(h)(1)-(2)) for a total sentence of three years and eight months. She received credit only for her current time in custody because she had waived all time at a previous hearing.

Ramirez appealed from this order, and we appointed counsel to represent her. Appointed counsel examined the record and filed an opening brief raising no issues and asking this court

to review the record independently under *Wende*.  Counsel also advised Ramirez of her right to file a supplemental brief for us to consider.  Ramirez did not file a supplemental brief.

We have examined the entire appellate record.  We are satisfied Ramirez's counsel fully complied with counsel's responsibilities and no arguable issues exist.  (See *Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The order is affirmed.


WILEY, J.


We concur:


STRATTON, P. J.



GRIMES, J.